## GERTRUDE GREEN
### vs.
## EMERSON L. STONE

Superior Court  New Haven County  File #40931

Present: Hon. FREDERICK M. PEASLEY, Judge.
P. R. Shiff,
R. J. Woodruff,     Attorneys for the Plaintiff.

Day, Berry & Howard,
Cyril Coleman,     Attorneys for the Defendant.

MEMORANDUM FILED APRIL 5, 1935.

PEASLEY, J. In this case Mrs. Gertrude Green sought damages from Dr. Emerson L. Stone for malpractice. In support of the motion to set the verdict aside as against the law, plaintiff's counsel pointed out what they claim to have been fourteen errors in the charge to the jury. A motion such as this is not well adapted to the review of such a large number of claimed errors, and counsel will be left to the usual remedy.

The verdict of the jury was amply supported by the evidence and the jury could very well have come to the conclusion that the plaintiff had only a small superficial sinus in her perineum, which required only a minor surgical operation and that its development into a small superficial fistula after

Dr. Rand had performed the first operation required only another minor operation for its healing and cure.

The jury could also from the evidence have found that the plaintiff failed to prove that she notified the defendant of her alleged condition as she claims to have done and it is difficult to see how they could have supported her version of what occurred with reference to the notice. They could have found that her conduct as described was extremely improbable. When Dr. Verdi was asked on cross examination what a patient should do under circumstances claimed by her to have existed with reference to her notice to the doctor of her alleged condition, he said that of course if a doctor refuses to come to a patient that is suffering terrible pain the usual and proper course is for the patient to go to another doctor, and it is unbelievable that she did so suffer during the two weeks she claimed to have repeatedly notified the defendant that she was suffering, as she says, "terrible" pain and acquiescing in the doctor's suggestion of a visit to his office at a future date.

The plaintiff did not impress me and I am sure she did not impress the jury as a woman who would submit to any such proposition of delay if she were in fact suffering to the extent she claims to have been. The plaintiff testified of having suffered continuous "terrible" pain, over a long period of time, and when pus was discharging from the suture holes in her perineum. Dr. Rand, her witness, and Dr. Verdi, who testified for the defendant, both ruled out pain during the time when pus was being discharged. The jury could well have found her testimony to be wholly untrustworthy and have come to the conclusion that the plaintiff. for the purpose of gain, was endeavoring to create from a mole hill of slight pain and some discomfort, a mountain of "terrible" suffering.

Any verdict other than the one rendered would have been a miscarriage of justice. The motion is denied.